IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. HIRMIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15 C 6874 |
| v. | ) |
| | ) |
| TRAVELODGE HOTEL CORP., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Pro se Plaintiff George D. Hirmiz[1] alleges that his former employer, Defendant Travelodge Hotel Corporation, violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and retaliated against him by terminating his employment in violation of Illinois common law. Before the Court is Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56(a) and Northern District of Illinois Local Rule 56.1. For the following reasons, the Court grants Defendant's motion and dismisses this lawsuit in its entirety.

### BACKGROUND

**I.     Northern District of Illinois Local Rule 56.1**

Because Plaintiff is proceeding pro se, Defendant served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois

---

[1] The Court granted pro se Plaintiff's motion for attorney representation on September 3, 2015. Counsel represented Plaintiff until after Plaintiff's unsuccessful settlement conference on December 8, 2015. After discussing counsel's motion to withdraw with the parties before and after the settlement conference, the Court granted counsel relief from assignment based on counsel's assertion that they could not proceed in their representation of Plaintiff without "running afoul of their professional obligations under Fed.R.Civ.P. 11." [22].

Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1. *Ohio Nat'l Life Assur. Corp. v. Davis,* 803 F.3d 904, 906 (7th Cir. 2015).

"The purpose of Rule 56.1 is to have the litigants present to the district court a clear, concise list of material facts that are central to the summary judgment determination. It is the litigants' duty to clearly identify material facts in dispute and provide the admissible evidence that tends to prove or disprove the proffered fact." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015); *see also Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011). Local Rule 56.1(a) "requires the party moving for summary judgment to file and serve a 'statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law.'" *Curtis*, 807 F.3d at 218 (citation omitted). "The non-moving party must file a response to the moving party's statement, and, in the case of any disagreement, cite 'specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Petty v. Chicago,* 754 F.3d 415, 420 (7th Cir. 2014) (citation omitted); *see also* L.R. 56.1(b)(3)(A). Local Rule 56.1(b)(3)(C) "requires specifically that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement ... of any additional facts that require the denial of summary judgment.'" *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012) (citation omitted).

Although courts construe pro se pleadings liberally, *see Thomas v. Williams*, 822 F.3d 378, 385 (7th Cir. 2016), a plaintiff's pro se status does not excuse him from complying with the federal and local procedural rules. *See Collins v. Illinois,* 554 F.3d 693, 697 (7th Cir. 2009)

("even pro se litigants must follow procedural rules"). As the Supreme Court instructs, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Because Plaintiff has failed to properly respond to Defendant's Rule 56.1 Statement of Undisputed Material Facts, the Court accepts Defendant's facts as true. *See Zoretic v. Darge*, ___ F.3d ___, 2016 WL 4177213, at *1 (7th Cir. Aug. 8, 2016); *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 735 F.3d 962, 965 (7th Cir. 2013).

## II.     Relevant Facts

Defendant operates New Harrison Hotel Corp., d/b/a Travelodge Hotel Chicago in Chicago, Illinois. (R. 56, Def.'s Stmt. Facts ¶ 1.) On May 8, 2007, Defendant hired Plaintiff as a night auditor/front desk agent. (*Id.* ¶ 2.) During the relevant time period, Plaintiff's supervisors were the hotel's front desk manager, Darren Andrews, and the general manager, Hermize Youkhamna. (*Id.* ¶¶ 3, 4.) On February 24, 2015, Defendant terminated Plaintiff's employment for sleeping on the job, abandoning his post, failing to report details of an incident where a guest was hurt during a fight, failing to contact police and paramedics at the time of the incident, failing to use the proper incident reporting procedure, and insubordination. (*Id.* ¶ 23.)

Pursuant to its employment handbook, Defendant has a four-step progressive discipline policy that starts with a verbal warning, leads to a written warning, followed by suspension or demotion, and concludes with termination. (*Id.* ¶ 5.) On August 26, 2010, Defendant verbally warned Plaintiff about the improper processing of unverified credit card charges. (*Id.* ¶ 6.) Thereafter, on October 23, 2012, Defendant warned Plaintiff in writing about three separate instances where he mishandled reservations. (*Id.* ¶ 7.) On May 16, 2014, Defendant wrote-up

3

Plaintiff for violating Defendant's anti-discrimination policy because Plaintiff mistreated an African-American hotel visitor and used inappropriate racial epithets. (*Id*. ¶ 11.) Also, on May 16, 2014, Defendant placed Plaintiff on probation for one year and advised him that any further infractions could result in Defendant terminating his employment. (*Id*. ¶ 13.)

On February 10, 2015, Plaintiff left his post at the hotel front desk and appeared to have been sleeping in the lobby. (*Id*. ¶ 15.) While Plaintiff was away from his post, a fight broke out among a group of men in the lobby. (*Id*. ¶ 17.) Plaintiff returned to his post when the same group of men resumed fighting. (*Id*. ¶ 19.) As a result of the fight, a victim was hospitalized due to his injuries. (*Id*. ¶ 21.) Thereafter, Defendant conducted an investigation into the February 10, 2015 incident, including a review of the video recording of the lobby. (*Id*. ¶ 22.) On February 24, 2015, Defendant terminated Plaintiff's employment. (*Id*. ¶ 23.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary

4

judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "To survive summary judgment, the non-moving party must show evidence sufficient to establish every element that is essential to its claim and for which it will bear the burden of proof at trial." *Life Plans, Inc. v. Security Life of Denver Ins. Co.,* 800 F.3d 343, 349 (7th Cir. 2015).

## ANALYSIS

I. **ADA Claims**

   A. **Failure to Accommodate and Disparate Treatment Claims**

The ADA prohibits employers from discriminating against a qualified individual on the basis of his or her disability. *See Brown v. Smith*, 827 F.3d 609, 613 (7th Cir. 2016). There are two types of ADA discrimination claims – failure to accommodate and disparate treatment. *See Curtis v. Costco Wholesale Corp.,* 807 F.3d 215, 224 (7th Cir. 2015). To establish an ADA failure to accommodate claim, Plaintiff must show that: (1) he is a qualified individual with a disability; (2) his employer was aware of his disability; and (3) his employer failed to reasonably accommodate the disability. *See EEOC v. AutoZone, Inc.,* 809 F.3d 916, 919 (7th Cir. 2016). Similarly, to establish an ADA disparate treatment claim, also known as an ADA discrimination claim, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of his job with or without accommodation; and (3) his employer terminated him because of his disability. *See Hooper v. Proctor Health Care Inc.,* 804 F.3d 846, 853 (7th Cir. 2015).

The central question for both Plaintiff's ADA failure to accommodate and discrimination claims is whether he is "disabled" as defined by the ADA. *See Cassimy v. Bd. of Educ. of*

5

*Rockford Pub. Sch., Dist. No. 205,* 461 F.3d 932, 936 (7th Cir. 2006). The term "disability" under the ADA means that the individual has: (1) a physical or mental impairment that substantially limits one or more "major life activities;" (2) a record of such impairment; or (3) is regarded as having such an impairment. *See Silk v. Bd. of Trustees, Moraine Valley Cmty. Coll., Dist. No. 524,* 795 F.3d 698, 706 (7th Cir. 2015) (citing 42 U.S.C. § 12102(1)). The ADA defines "major life activities" as including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Carothers v. Cnty. of Cook,* 808 F.3d 1140, 1147 (7th Cir. 2015) (citing 42 U.S.C. § 12102(2)(A)). "Not every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy,* 461 F.3d at 936.

Construing his pro se filings liberally and turning to whether Plaintiff has presented evidence that he is disabled within the meaning of the ADA, Plaintiff asserts that he experienced flu-like symptoms, such as heavy sneezing, a non-stop runny nose, headaches, dizziness, and numbness, due to long-term exposure to electromagnetic voltage during his employment at Defendant's hotel. Plaintiff contends that the Occupational Safety and Health Administration ("OSHA") documented this long-term exposure, although Plaintiff provides no evidence supporting this statement. Instead, evidence in the record reveals that after Plaintiff filed a complaint with OSHA in 2013, and OSHA conducted an inspection of Defendant's hotel on May 29, 2013 and concluded that employees were not exposed to electromagnetic energy fields above established safety limits. (Def.'s Stmt. Facts ¶¶ 9, 10.)

Moreover, Plaintiff has not argued, let alone established, that he has a physical disability

6

that substantially limits one or more "major life activities" nor does he provide the Court with a record of any such impairment. *See Boss v. Castro,* 816 F.3d 910, 916 (7th Cir. 2016) ("If there is no triable issue of fact on even one essential element of the nonmovant's case, summary judgment is appropriate."). Rather, he argues that he repeatedly told Defendant that the hotel was making him sick and that he made his complaints in the hotel's log book. During discovery in this action, Plaintiff produced his handwritten notes from the hotel log book, in which he discussed health and safety issues, including: (1) his 2010 requests for maintenance due to smoke or fumes near the front desk; (2) a 2010 entry regarding a feeling of electromagnetic shock under the front desk; (3) a 2012 request for maintenance regarding "heavy statics field" that made his legs numb; (4) undated entries regarding smoke near the front desk; and (5) an undated entry regarding the lobby having a strong odor resulting in a "small amount of irritation to the breathing." (Def.'s Stmt. Facts ¶ 40.) Undisputed evidence in the record, however, establishes that employees use the log book to convey information to the employees working on the following shift, and that the log book is not a mechanism for making employee complaints. (Def.'s Stmt. Facts ¶ 41.) It is also undisputed that Defendant's employment handbook sets forth the policies and procedures for filing ADA and other discrimination complaints. (*Id*. ¶¶ 35-38.) Thus, Plaintiff's vague complaints made in the log book do not support a reasonable inference that he had a disability that substantially limited one or more "major life activities" and that Defendant was aware of this disability. *See Citizens for Appropriate Rural Roads v. Foxx,* 815 F.3d 1068, 1074 (7th Cir. 2016) (at summary judgment, courts do not draw "inferences that are supported only by speculation or conjecture."). There is also undisputed evidence that Defendant did not regard Plaintiff as having such an impairment. (Def.'s Stmt. Facts ¶¶ 25, 26.)

7

Accordingly, viewing the evidence and all reasonable inferences in Plaintiff's favor, he has failed to present evidence creating a triable fact for an essential element of his ADA claims, namely, that he was disabled within the meaning of the ADA. *See Cassimy,* 461 F.3d at 936. The Court therefore grants this aspect of Defendant's summary judgment motion.

### B. Retaliation Claim

The ADA also prohibits employers from retaliating against an employee who asserts his rights under the Act. *See Taylor-Novotny v. Health All. Med. Plans, Inc.,* 772 F.3d 478, 494 (7th Cir. 2014); 42 U.S.C. § 12203(a). In other words, "[e]mployers are forbidden from retaliating against employees who raise ADA claims regardless of whether the initial claims of discrimination are meritless." *Povey v. City of Jeffersonville, Ind.,* 697 F.3d 619, 624 (7th Cir. 2012) (citation omitted). To establish an ADA retaliation claim, a plaintiff must show that he engaged in a statutorily protected activity. *See Taylor-Novotny,* 772 F.3d at 494. Statutorily protected activities include requesting ADA accommodations or complaining about disability discrimination. *See id.* at 494-95; *Preddie v. Bartholomew Consol. Sch. Corp.,* 799 F.3d 806, 814–15 (7th Cir. 2015). In short, the ADA's retaliation provision does not protect "an employee's right to complain generally, but to complain about or oppose practices that are unlawful under the ADA." *EEOC v. Orion Energy Sys., Inc. No.,* 14 CV 1019, 2016 WL 5107019, at *9 (E.D. Wis. Sept. 19, 2016).

In May 2015, Plaintiff filed his EEOC Charge – which included allegations of disability discrimination. Although an EEOC Charge is a protected activity, this later-filed EEOC Charge cannot be the cause of Plaintiff's February 2015 termination. *See Turner v. The Saloon, Ltd.,* 595 F.3d 679, 690 (7th Cir. 2010). Otherwise, Plaintiff has failed to present evidence that he

complained about disability discrimination or asked the hotel's management for a reasonable accommodation. Indeed, undisputed evidence shows that Plaintiff never asked his supervisor, general manager, Hermize Youkhamna, for a reasonable accommodation. (Def.'s Stmt. Facts ¶ 27.) Also, evidence reveals that – except for asking and being allowed to sit while working at the front desk – the hotel's front desk manager, Darren Andrews, was not aware of Plaintiff's need for a reasonable accommodation. (*Id.* ¶¶ 29-33.) Plaintiff has thus failed to show that he engaged in a protected activity, which is an essential element of his ADA retaliation claim. In sum, examining the evidence and all reasonable inferences in Plaintiff's favor, he has failed to set forth evidence creating a triable issue of fact regarding his ADA retaliation claim. The Court grants Defendant's summary judgment motion as to this claim.

## II. Retaliatory Discharge

Plaintiff also brings a common law retaliatory discharge claim, "which is a narrow exception to the rule that an employer may fire an at-will employee for any reason or no reason." *Redd v. Nolan*, 663 F.3d 287, 295 (7th Cir. 2011). To establish retaliatory discharge under Illinois law, "a plaintiff must show that he was '(1) discharged; (2) in retaliation for [his] activities; and (3) that the discharge violates a clear mandate of public policy.'" *Teruggi v. CIT Grp./Capital Fin., Inc.,* 709 F.3d 654, 661 (7th Cir. 2013) (quoting *Blount v. Stroud,* 232 Ill.2d 302, 328 Ill.Dec. 239, 904 N.E.2d 1, 9 (2009). In addition, a plaintiff must show a causal connection between his discharge and his protected activities. *See Michael v. Precision Alliance Grp., LLC,* 21 N.E.3d 1183, 1188 (Ill. 2014); *Teruggi*, 709 F.3d at 661. "When deciding the element of causation, the ultimate issue is the employer's motive in discharging the employee." *Michael*, 21 N.E.3d at 1188-89.

9

Construing his pro se filings liberally, Plaintiff contends that Defendant terminated his employment in February 2015 in retaliation for his May 2013 OSHA complaint. Plaintiff, however, has failed to show a causal connection between his May 2013 OSHA complaint and his 2015 discharge due to the long time span of almost two years between these events. *See Hoffelt v. Illinois Dep't of Human Rights*, 367 Ill. App. 3d 628, 638 (1st Dist. 2006); *cf. Turner,* 595 F.3d at 690 (two months proximity in time insufficient to establish causal connection). Moreover, Plaintiff has failed to establish a causal connection because Defendant has offered undisputed reasons for terminating Plaintiff's employment – that he slept on the job, abandoned his post, failed to report details of an incident where a guest was hurt during a fight, failed to contact police and paramedics at the time of the incident, failed properly reporting the incident, and insubordination – and Plaintiff has failed to refute these reasons. *See Michael,* 21 N.E3d at 1189. Viewing the evidence and all reasonable inferences in Plaintiff's favor, he has failed to establish a genuine issue of material fact for trial in relation to his common law retaliatory discharge claim. The Court grants Defendant's summary judgment motion as to this last claim.

## CONCLUSION

For these reasons, the Court grants Defendant's motion for summary judgment and dismisses this lawsuit in its entirety.

**Dated:** September 27, 2016

                                      **ENTERED**

                                      */s/ Amy J. St. Eve*
                                      **AMY J. ST. EVE**
                                      **United States District Court Judge**